UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                                    Case No. 16-12176-AJC
Andrzej S Kulik                                                      Chapter 13

_____Debtor._____/

**RESPONSE TO DEBTORS MOTION TO VALUE (DOC. NO. 53)
RE: 8024 TATUM WATERWAY DRIVE, UNIT 3B, MIAMI BEACH, FL 33141**

Comes now, JPMorgan Chase Bank, National Association, (hereinafter referred to "Chase") by and through its undersigned attorney and hereby files its response to Debtor's motion to value and in support, states as follows:

1. On May 9, 2016, Secured Creditor, JPMorgan Chase Bank, National Association, being serviced through JPMorgan Chase Bank, N.A., filed its Proof of Claim (Claim 1-1) which listed a total secured claim of $13,734.72, a secured arrearage in the amount of $572.99 along with a regular mortgage post-petition payment in the amount of $562.03 per month for a mortgage encumbering real property collateral located at 8024 Tatum Waterway Drive, Unit 3B, Miami Beach, FL 33141.

2. On December 9, 2016, Motion to value (Doc. No. 53), which proposed to cramdown the interest rate of the mortgage of JPMorgan Chase Bank, N.A. to 3.5% and extend loan maturity for the first mortgage encumbering Debtor's homestead property.

3. JPMorgan Chase Bank, National Association, objects to Debtor's motion to value due to the fact that the Debtor is attempting to reduce the interest rate from 5.125% to 3.5% when there is equity which is not permitted under 11 USC 506(b) which allows creditor its contractual interest.

4.      The maturity date of the mortgage is July 1, 2018 and the Debtor should be required to provide for payoff of the mortgage on or before July 1, 2018 which is month 29 of the plan in contravention of 11 USC 1322(b)(2).

5.      JPMorgan Chase Bank, National Association believes that in order for the mortgage to be paid off by the maturity date a total of $15,494.47 should be remitted by Debtor by July 1, 2018 as there is undisputed equity in the subject real property and the claim of JPMorgan Chase Bank, National Association is not subject to bifurcation in contrast to In Re Paschen 296 F3d. 1203 (11th Cir 2002).

6.      Based on the claim filed an acceptable chapter 13 plan would provide for monthly payments should of $534.29 for months 1-29 to JPMorgan Chase Bank, N.A or if spread out over 60 months $287.57 for months 1-60.

7.      Notwithstanding the fact that the mortgage is considered a "short-term mortgage" of the type described in 11 USC 1322(c)(2) the Debtor still should be made to remit to the Trustee the fully secured claim amounts which include the total claim of $13,734.72 and interest at 5.125% over 60 months of $3,519.55 for a total plan payments of $17,254.27.

8.      In the event this Court grants the motion to value the lien of JPMorgan Chase Bank, National Association should only be stripped of its secured status upon entry of discharge of the debtor.  If this Chapter 13 bankruptcy case is dismissed or converted to chapter 7 prior to discharge the status of secured creditor JPMorgan Chase Bank, National Association's claim shall remain secured.

Wherefore, JPMorgan Chase Bank, National Association prays that this Honorable Court deny Debtor's motion to value as there is equity in the subject property which allows contractual interest of 5.125% per 11 USC 506(b) and prohibits modification of the homestead first

mortgage per 11 USC 1322(b)(2) and short term mortgage at 11 USC 1322(c)(2) which only allows for modification to extend payoff of mortgage under the length of the plan if the claim of creditor was bifurcated, however as the claim of creditor is fully secured the claim should not be modified in any way.

## CERTIFICATE OF SERVICE

I hereby certify that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in Compliance with additional qualifications to practice in the Court as set forth in Local Rule 2090-1(A).

I hereby certify that a true and correct copy of the foregoing objection was furnished by U.S. Mail and/or via CM/ECF electronic filing this 26th day of December, 2016, to the following:

Andrzej S Kulik, 8024 Tatum Waterway Drive, Unit 3B, Miami Beach, FL 33141
Jacqueline C. Ledon, 3000 Biscayne Boulevard, #500, Miami, FL 33137
Nancy K. Neidich, POB 279806, Miramar, FL 33027
United States Trustee, 51 SW First Avenue, Suite 1204, Miami, FL 33130

/s/Steven G. Powrozek
Steven G. Powrozek
FL Bar # 0316120
Shapiro, Fishman & Gaché, LLP
Attorney for Secured Creditor
4630 Woodland Corporate Blvd.
Suite 100
Tampa, FL  33614
Telephone: 813-367-5813
Fax: (813) 880-8800
E-mail: spowrozek@logs.com

16-298692