**ORDERED in the Southern District of Florida on March 1, 2017.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:

ANDRZEJ KULIK Case No. 16-12176-BKC-AJC

Debtor /

**ORDER GRANTING DEBTOR'S MOTION TO VALUE**

THIS CAUSE came before the Court upon the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property [ECF #53] and JP Morgan Chase Bank, N.A.'s Response [ECF #60]. A hearing was held on the motion on January 31, 2017. At the hearing, the Court considered the arguments of counsel, and requested the submission of post-hearing memoranda in the form of proposed orders. Having considered the parties' submissions, the Court grants the Motion to Value, as follows.

***Procedural Background***

The Creditor filed its proof of claim for a first priority residential mortgage secured by

the Debtor's homestead property [Claim No. 1-1]. The Debtor filed an objection to the proof of claim [ECF #43] to which the Creditor filed a response [ECF #50]. At issue now is the Debtor's Motion to Value [ECF #53], to which the Creditor filed an opposition [ECF #60].

The issue before the Court is whether the Debtor can modify the interest rate on a residential mortgage on real property that is the Debtor's primary residence where the final payment on the original payment schedule is due during the life of the plan and, if such modification is permissible, what the appropriate interest rate should be. Debtor argues that 11 U.S.C. §1322(b)(2)'s anti-modification provision does not prohibit cram down of the interest rate of a mortgage secured solely by the debtor's primary residence where the final payment on the original payment schedule is due during the life of the plan.

***Undisputed Facts***

The Creditor is the holder of a first mortgage on the Debtor's primary residence which Debtor has claimed as his homestead. The mortgage matures, by its own terms, on July 1, 2018, which is during the life of the Debtor's proposed plan. The Creditor filed a proof of claim asserting a secured claim of $13,734.72 [POC #1-1]. At the time of filing of this case, the value of the homestead was $148,430, as determined by the Miami Dade County Property Appraiser. Therefore, the Creditor is comfortably oversecured.

The Debtor has proposed a Chapter 13 plan whereby he will pay the entire balance due for both principal and interest over a 60-month period. The Debtor will make monthly payments under the proposed plan of $275.26 reflecting 3.5% interest, or the national prime interest rate, for a total of $14,864.04. In so doing, the Debtor seeks to cram down the contractual 5.125% interest rate provided for in the note to the current national prime interest rate.

***Conclusions of Law***

In the Debtor's Motion to Value, he argues that because the mortgage becomes due and payable by its own terms on July 1, 2018, or during the life of the plan, the debt can be paid over time with a reduced interest rate as proposed in the Debtor's plan. The anti-modification provision of 11 U.S.C. § 1322(b)(2) generally prohibits any modification of the rights of a secured creditor where such interest is secured by real property which is the debtor's principal residence.

The Debtor, however, relies on the exception to the anti-modification provision for "short-term" mortgages:

> in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

11 U.S.C. § 1322(c)(2). *In re Paschen*, 296 F. 3d 1203, 1207-1209 (11th Cir. 2002) (plain language of § 1322(c)(2) permits modification of claims secured by short-term mortgages that mature prior to completion of the debtor's plan through cram down and bifurcation); *In re Lobue*, 189 B.R. 216, 218 (Bankr. S.D. Fla. 1995).

This Court agrees that 11 U.S.C. § 1322(c)(2) allows the Debtor in this case to provide the Creditor with payment of the short-term mortgage over the life of the Chapter 13 Plan. Neither the Debtor nor the Creditor disputes that § 1322(c)(2) applies in this case (ECF # 60 at ¶7). Section 1322(c)(2) specifically provides that short-term mortgages secured by real property which is the debtor's primary residence may be modified in accordance with 11 U.S.C. § 1325(a)(5).

The Court must then consider the appropriate interest rate for a mortgage crammed down pursuant to § 1325(a)(5). The Court need not address subsections § 1325(a)(5)(A) or (a)(5)(C) because the Creditor has not accepted the plan and the Debtor has not surrendered the property. It

is likewise unnecessary to address subsections (a)(5)(B)(i) and (iii) because the Creditor's lien is retained until paid off and the plan provides for equal monthly payments. Thus, the Court considers whether the interest rate, as proposed in Debtor's plan, complies with the cram down option provided by § 1325(a)(5)(B)(ii):

> [T]he value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.

"The 'property to be distributed under the plan' must be the 'deferred cash payments representing future earnings or income of the Chapter 13 debtor, provided the present dollar value at confirmation of the property to be distributed in the future equals the amount of the allowed secured claim." *In re Sarkese*, 189 B.R. 531, 536 (Bankr. M.D.Fla. 1995). The "allowed secured claim is paid with interest to cover the time-value of money." *In re Simpkins*, 16 B.R. 956, 965 (Bankr. E.D.Tenn. 1982). The question for this Court is the appropriate rate of interest.

The Creditor relies on 11 U.S.C. § 506(b) to argue the 5.125% contract rate of interest applies. Indeed, 11 U.S.C. § 506(b) provides that the Creditor is entitled to, *inter alia*, post-petition interest. *In re Miller*, 191 B.R. 487, 489 (Bankr. S.D.Fla. 1995). However, the Court declines to apply the contract rate of interest. *Simpkins*, 16 B.R. at 965 (under § 1325(a)(5)(B), the "contract rate should not control the court's decision as to the rate of interest to be applied"); *In re Benford*, 14 B.R. 157, 159 (Bankr. W.D.Ky. 1981) (application of the contract rate under § 1325(a)(5)(B)(ii) lacks the necessary responsiveness to current market conditions).

Instead, the Court applies the formula approach to determine the interest rate. *Till v. SCS Credit Corp.*, 541 U.S. 465, 478-79 (2004). Specifically, the Court begins with the national prime rate of 3.5% which reflects the "financial market's estimate of the amount a commercial bank should charge a creditworthy commercial borrower to compensate for the opportunity costs of the

loan, the risk of inflation, and the relatively slight risk of default." *Till*, 541 U.S. at 479 n.18 ("if the court could somehow be certain a debtor would complete his plan, the prime rate would be adequate to compensate any secured creditors forced to accept cramdown loans").

The Court then considers whether the prime rate should be adjusted due to the Debtor's risk of default. At this juncture, the burden is on the Creditor to present evidence as to why the rate should be adjusted upward. *Id*. at 479. The Creditor here has failed to sufficiently articulate the reason why the rate should be adjusted upward. The Court notes that the Creditor's interest is oversecured in that the secured claim is $13,734.72 and the undisputed value of the real property is $148,430. The Court further notes that the payment history attached to the Creditor's proof of claim demonstrates the Debtor consistently remitted his monthly mortgage payments for the past three years (the time period covered in the proof of claim). The proof of claim indicates that the Debtor had only a one-month arrearage as of the date of filing. Based on the record before the Court, there appears to be no reason to adjust the interest rate upward. Thus, it is

**ORDERED** that the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property [ECF #53] is GRANTED; the mortgage is subject to modification pursuant to 11 U.S.C. § 1322(c)(2), and the *Till* interest rate to be applied is 3.5% pursuant to § 1325(a)(5)(B)(ii).

###

**Submitted by:**

Jacqueline C. Ledon, Esquire
*Counsel for Debtor*
Legal Services of Greater Miami, Inc.
4343 West Flagler Street, Suite 100, Miami, FL 33134
305-438-2401
jledon@legalservicesmiami.org

Attorney Ledon shall serve a copy of this signed order upon all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).